# Third District Court of Appeal

## State of Florida

Opinion filed August 5, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1232
Lower Tribunal No. 22-3065-CA-01
_____

## 9740 W Bay Harbor Dr, LLC, et al.,
Appellants,

vs.

## Bay Harbour Investment, Inc.,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Conroy Simberg and Hinda Klein (Hollywood), for appellants.

Law Offices of Moises A. Saltiel, P.A. d/b/a Saltiel Law Group and Matthew Carcano, for appellee.

Before GORDO, LOBREE and GOODEN, JJ.

GORDO, J.

9740 W Bay Harbor Dr, LLC and Sina, LLC—together with their principals Elias Sabbagh and Samuel Sami (Sellers)—appeal from a final judgment entered following a jury verdict in favor of Bay Harbour Investment, Inc., and its principal Mauricio Moya (Buyer). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A).

This appeal concerns the sale of two contiguous waterfront lots for a combined $9 million. Both property owners are licensed real estate professionals. The lots were marketed as an "excellent development opportunity" anchored by a proposed luxury condominium project the Sellers represented was approved and "ready to go." Buyer's signed proposal sought a 30-day due-diligence/inspection period, but the Sellers rejected it and made waiver of any due diligence a condition of sale.

Buyer executed two vacant-land contracts to purchase the lots "as is" for $9 million with a combined deposit of $900,000—later increased to $1.2 million. The contracts elected "No Due Diligence Period" recited that Buyer was "satisfied that the Property is suitable" and stated the contract "is not contingent on Buyer conducting any further investigations" while preserving a 30-day right to terminate if satisfactory environmental and zoning confirmations were not obtained. The contract contained a provision that advised Buyer to verify all material facts and stated that Buyer "agrees to rely

2

solely on Seller, professional inspectors and government agencies for verification of the Property condition."

Before closing Buyer's attorney performed a title and lien search and discovered that in 2018 the Town of Bay Harbor Islands commissioned an engineering report which found the seawall serving both lots was in "critical condition" and that the Town had sent the Sellers repeated "courtesy notices" requesting repairs. The Sellers requested extensions in response to the notices and represented that a new seawall would be installed as part of the proposed project. No formal code violation was ever issued and no fine imposed while the Sellers owned the lots.

Buyer retained engineer David Olin who found structural defects in the seawall. Buyer notified the Sellers that they had discovered "material issues with the seawall of the properties, rendering them defective and out of compliance with city ordinances or code" and that Sellers "failed to disclose the issue" but that Buyer sought an "amicable resolution prior to closing" rather than "engaging in protected litigation afterwards." Sellers responded that there was "no problem" and that Buyer was "making a problem where there is no problem" and supplied a letter from engineer Manuel Siques. Siques's letter, however, stated that he only "inspected the existing wood deck" not the seawall. Facing forfeiture of their $1.2 million deposit and

3

Sellers' threat to sue for breach of contract if Buyer didn't close, Buyer closed "under protest." After closing, the Town advised Buyer that the proposed project could not be approved as designed and Buyer ultimately replaced the seawall at a cost of $108,627.60.

Buyer sued for fraudulent inducement, negligent misrepresentation and FDUTPA violations alleging that the Sellers concealed the seawall defects and misrepresented the properties' suitability for the planned development. The complaint sought general damages and each cause of action requested "final judgment for damages." Sellers denied liability and filed a motion to dismiss asserting that the claims were barred by the doctrine of caveat emptor. Buyer filed a revised complaint asserting that exceptions to caveat emptor applied and that specifically Sellers "employed an artifice or trick to induce Buyer into waiving due diligence" among other things.

The case proceeded to trial where the Sellers objected to the presentation of any damages beyond the cost of replacing the seawall—arguing such damages were unpled special damages. After a five-day jury trial, the jury found Sellers liable for fraudulent inducement, negligent misrepresentation and FDUTPA violations and awarded Buyers approximately $300,000 in damages—$59,000 against each LLC and $182,000 against the Sellers individually.

On appeal the Sellers argue the trial court erred in denying their motion for directed verdict they raised at the close of Buyer's case because caveat emptor barred Buyer's claims. The Sellers further argue the court improperly permitted Buyer to recover unpled special damages by allowing diminution in value[1] damages.

"We review the trial court's denial of a motion for a directed verdict… de novo. When deciding the appropriateness of a directed verdict… appellate courts use the test of whether the verdict [is] supported by competent, substantial evidence. [A motion for directed verdict] should be granted only if no view of the evidence could support a verdict for the nonmoving party and the trial court therefore determines that no reasonable jury could render a verdict for that party." Forbes v. Millionaire Gallery, Inc., 335 So. 3d 1260, 1262–63 (Fla. 3d DCA 2022).

The record reflects that Sellers failed to file a timely post-trial motion. Their failure to do so is fatal to the preservation of their appellate arguments.

---

[1] Diminution in value refers to the difference between a property's fair market value resulting from damage to the property, measured by the difference between the property's fair market value before and after the damage. See Davey Compressor Co. v. City of Delray Beach, 639 So. 2d 595, 596 n.1 (Fla. 1994) ("The diminution in value is the difference between the value of real property before and after the injury.").

See Suzuki Motor Corp v. Winckler, 434 So. 3d 104, 111 n.4 (Fla. 5th DCA 2026) ("That said, Suzuki also waived the *preclusion* argument in failing to file a post-verdict motion under Florida Rule of Civil Procedure 1.480. Under the rule, Suzuki had fifteen days after the jury's verdict to move for judgement in accordance with its motion for directed verdict. See Fla. R. Civ. P. 1.480(b). Its failure to do so constituted waiver. See Hartzog v. State, 133 So. 3d 570, 573 n.3 (Fla. 1st DCA 2014) ("[A] pre-verdict motion for directed verdict does not itself preserve the point; after the verdict is returned, the movant must file another motion, *e.g.*, a motion to set aside the verdict and enter judgement in accordance with the motion for directed verdict."); Roosevelt v. State, 42 So. 3d 293, 298 (Fla. 3d DCA 2010) ("In order to preserve the point for appellate review, it was necessary that the defendant… make the appropriate post-trial motion." (emphasis added)); Adee Resort Corp v. Brewer & Co., 653 So. 2d 1052, 1053 (Fla. 4th DCA 1995) ("Failure to timely file [a rule 1.480 motion] is a waiver.")"); Murray v. State, 27 So. 3d 781, 781-82 (Fla. 3d DCA 2010) ("The defense made timely motions for a directed verdict. However, [Rule] 1.480(b) has been interpreted as requiring a party to file, in addition, a post-verdict motion for entry of judgement in accordance with the motion for a directed verdict.").

We note that in a fraud action involving realty the standard measure of damages is "out-of-pocket" loss or "benefit of the bargain"—the difference between value as represented and actual value—and a decline in market value is general, not special, damages.  See Kind v. Gittman, 889 So. 2d 87, 90 (Fla. 4th DCA 2004) ("[T]here are two standards for measuring damages in an action for fraud, and either may be used depending upon the circumstances….  The first standard is the 'benefit of the bargain' rule which awards as damages the difference between the actual value of the property and its value had the alleged facts regarding it been true.  The second standard is the 'out-of-pocket' rule which awards as damages the difference between the purchase price and the real or actual value of the property." (quoting Martin v. Brown, 566 So. 2d 890, 891–92 (Fla. 4th DCA 1990)); Nystrom v. Cabada, 652 So. 2d 1266, 1268 (Fla. 2d DCA 1995) (same).

Affirmed.